**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2623-21

DONALD TROUT,
deceased,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

Submitted January 29, 2024 – Decided February 6, 2024

Before Judges Mawla and Vinci.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of Treasury, PERS No. xx3761.

Alterman & Associates, LLC, attorneys for appellant (Stuart J. Alterman, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Jeffrey David Padgett, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Donald Trout appeals from a March 17, 2022 final agency decision by the Board of Trustees (Board), Public Employee's Retirement System (PERS) denying his widow's request for accidental death benefits. We affirm.

Trout was employed by the Middlesex County Hazardous Materials Unit as a Hazmat Tech I when he passed away on August 27, 2021. That day, he was responding to an emergency call and while gathering his equipment at his work vehicle, he suffered a cardiac arrest and passed away. Trout's death certificate listed the cause of death as "sudden cardiac death ventricular fibrillation arrest."

Trout's widow filed for accidental death benefits and the Board denied the request on December 10, 2021. The Board noted the Division of Pensions and Benefits requested Trout's medical records and the Division's Medical Review Board (MRB) reviewed the records and found Trout had "a history of prior cardiac surgery and treatment for hypertension and hyperlipidemia." Although Trout's heart attack occurred on the job, "the MRB [did] not see a particular incident that caused this event." The Board concluded the plain language of N.J.S.A. 43:15A-49(a)(1) and "binding case law" required it to deny the application.

2

Appellant challenged the Board's decision and requested a hearing before an administrative law judge. However, the Board denied the hearing request because there was "no genuine issue of material fact in dispute." The Board then issued its March 17, 2022 written decision, recounting the underlying incident and the reasons it previously denied accidental disability benefits.

The Board explained N.J.S.A. 43:15A-49(a) requires that "the death of a member in active service [be] . . . a result of: (1) an accident met in the actual performance of duty at some definite time and place . . . ." It found Trout did not die of an accident, but "[r]ather . . . had a long history of pre-existing conditions[,] which ultimately resulted in his death."

The Board cited Russo v. Teachers' Pension & Annuity Fund, 62 N.J. 142 (1973). It noted although the pension fund in Russo was different than PERS, it "employ[ed] identical language to that of N.J.S.A. 43:15A-49." Russo was a custodian who died of a heart attack while performing his job duties. Id. at 144. The Board noted the Supreme Court denied the request for accidental death benefits because Russo's heart attack was not the result of an accident. Ibid.

The Board also cited Richardson v. Police & Fireman's Retirement System, which denied accidental death benefits to a police officer who suffered a heart attack while chasing a suspect. 192 N.J. 189, 214 (2007). There, the

A-2623-21

Court held the death was not the result of an accident because "the work effort, alone or in combination with pre-existing disease, was the cause of the injury." Id. at 213.

Based on these cases, the Board concluded Trout's death was not the result of an accident. It further noted it considered appellant's "personal statements, written submission[,] and all documentation in the record." However, because the matter did "not entail any disputed questions of fact" the Board could decide the matter without an administrative hearing.

On appeal, appellant reasserts the arguments previously made to the Board. Appellant argues Trout qualified for accidental death benefits because a heart attack is "undesigned and unexpected" and therefore qualifies as an accident. Further, the Board could not decide whether Trout's death was due to a pre-existing condition without a hearing. The Board's refusal to permit a hearing was arbitrary, capricious, and unreasonable because it should have allowed appellant to submit expert testimony regarding Trout's cause of death.

Our review of an administrative agency's final decision is limited. In re Carter, 191 N.J. 474, 482 (2007). We afford "a 'strong presumption of reasonableness' to an administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (quoting City of

Newark v. Nat. Res. Council, Dep't of Env't Prot., 82 N.J. 530, 539 (1980)). Absent arbitrary, unreasonable, or capricious action, or a lack of support in the record, the agency's final decision will be sustained. In re Herrmann, 192 N.J. 19, 27-28 (2007).

We are not bound by an agency's interpretation of a statute, or its determination of a strictly legal issue. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 158 (2018). Although pension statutes are "remedial in character" and "should be liberally construed and administered in favor of the persons intended to be benefited thereby," Geller v. Dep't of Treasury, 53 N.J. 591, 597-98 (1969), "eligibility is not to be liberally permitted," Smith v. State, Dep't of Treasury, 390 N.J. Super. 209, 213 (App. Div. 2007).

Pursuant to these principles, we affirm for the reasons expressed in the Board's decision because it is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). We add the following comments.

Russo defined what an accident is for purposes of qualifying for accidental death benefits. The Court stated:

> In ordinary parlance, an accident may be found either in an unintended external event or in an unanticipated consequence of an intended external event if that consequence is extraordinary or unusual in common

experience. Injury by ordinary work effort or strain to a diseased heart, although unexpected by the individual afflicted, is not an extraordinary or unusual consequence in common experience. We are satisfied that disability or death in such circumstances is not accidental within the meaning of a pension statute when all that appears is that the employee was doing his usual work in the usual way.

[62 N.J. at 154.]

The substantial, credible evidence in the record reveals Trout's heart attack was suffered by "ordinary work effort or strain" to his heart, not "an unintended external event or in an unanticipated consequence of an intended external event . . . extraordinary or unusual in common experience." Ibid. For these reasons, the Board was not required to hold a hearing and properly applied N.J.S.A. 43:15A-49(a)(1) when it denied accidental death benefits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2623-21